EDGAR I. DIXON, PLAINTIFF-APPELLANT AND LOUISE GALES, PLAINTIFF, v. FREDERICK J. GASSERT, JR., DIRECTOR OF THE DIVISION OF MOTOR VEHICLES IN THE DEPARTMENT OF LAW AND PUBLIC SAFETY, DEFENDANT-RESPONDENT.

Argued December 16, 1957—Decided January 20, 1958.

(1)

2

*Mr. Charles A. Cohen* argued the cause for appellant (*Mr. E. George Aaron,* attorney).

*Mr. Peter J. Devine, Jr.,* argued the cause for respondent (*Messrs. Orlando, Kisselman & Devine,* attorneys).

The opinion of the court was delivered by

PROCTOR, J. This appeal presents for determination the effect and meaning of certain provisions of the Unsatisfied Claim and Judgment Fund Law. *N. J. S. A.* 39:6–61 *et seq.* Specifically, the question is whether payments made under an accident and health policy, and payments made by "Blue Cross" under a hospitalization contract, constitute "indemnity or other benefits" which are deductible from the maximum amount payable to a claimant pursuant to *N. J. S. A.* 39:6–70(*m*) and *N. J. S. A.* 39:6–84.

On November 12, 1955 plaintiffs Edgar I. Dixon and Louise Gales, both residents of New Jersey, while standing on a public street in Camden, were struck by a motor vehicle, thereby sustaining personal injuries. The motor vehicle continued on its way, and its identity and the identity of its owner and operator could not be ascertained. Thereafter, plaintiffs brought an action in the Superior Court, Law Division, against the defendant, the Director of the Division of Motor Vehicles, in accordance with *N. J. S. A.* 39:6–78 which prescribes the remedy for the relief of "hit-and-run"

victims. After trial and jury verdicts, judgments were entered against the Director in the amount of $25,000 for Dixon and $10,000 for Mrs. Gales.

Upon appropriate proceedings as prescribed by *N. J. S. A.* 39:6–84 the court issued an order directing the State Treasurer, acting as Custodian of the Unsatisfied Claim and Judgment Fund, to make payments out of the Fund of $2,791.55 to Dixon and $5,000 to Mrs. Gales, plus costs. *N. J. S. A.* 39:6–84 limits the maximum amount payable to a claimant out of the Fund to $5,000. The court's order limiting Dixon's recovery to $2,791.55 was based on its finding that he had already received payments and benefits amounting to $2,208.45 for his injuries and that these payments should be deducted from the $5,000 maximum. The payments deducted consisted of the following items:

"(a) 26 weekly payments of $35.00 each, amounting in all to $910.00, paid to said Dixon by the John Hancock Mutual Life Insurance Company under a certain accident and health insurance policy furnished and paid for by his employer, National Waterproof Papers, Inc., C.T.C. Industries, Inc., at no expense to the employees, said payments being made by the Insurance Company during part of the period said Dixon was disabled and unable to pursue his employment because of the injuries suffered by him in said accident;

(b) $250.00 medical payments paid by John Hancock Mutual Life Insurance Company under a certain Group Policy No. 54705–GTC., issued to said Dixon's employer, National Waterproof Papers, Inc., C.T.C. Industries, Inc., furnished and paid for by said employer at no expense to the employees, said payment being made by the Insurance Company to Dr. George Grenhart for medical treatment rendered to said Dixon because of the injuries suffered by him in said accident.

(c) $1,048.45 paid by 'Blue Cross', that is, The Associated Hospital Service of Philadelphia, to the West Jersey Hospital, Camden, New Jersey, on account of the hospital bill to said Dixon for services rendered him because of the injuries suffered by him in said accident, the cost of which 'Blue Cross' coverage was paid entirely by said Dixon."

Dixon alone has appealed contending that he was entitled to the maximum of $5,000 under *N. J. S. A.* 39:6–84 and that the deduction of the above mentioned payments was improper.

While the case was pending in the Appellate Division we certified it on our own motion.

■ The purpose of *N. J. S. A.* 39:6–61 *et seq.* is to provide a measure of relief to persons who sustain losses inflicted by financially irresponsible or unknown owners and operators of motor vehicles, where such persons would otherwise be remediless. But this statute is not one of general application to all classes of claimants. It does not extend to a person who is entitled to workmen's compensation, or is a spouse, parent or child of the judgment debtor, or was a guest occupant in the automobile, or was himself operating or riding in an uninsured motor vehicle owned by him or his spouse, parent or child, or was operating a motor vehicle in violation of an order of suspension or revocation. *N. J. S. A.* 39:6–70. Moreover, even within the class of persons who qualify for relief, further limitations are imposed upon the amounts recoverable from the Fund. *N. J. S. A.* 39:6–70(*m*) and *N. J. S. A.* 39:6–84. It is with these limitations that we are concerned.

*N. J. S. A.* 39:6–69 provides that upon recovery of a judgment, which is non-collectible, a person qualified under the statute may apply to the court in which the judgment was entered for an order directing payment out of the Fund, up to a maximum of $5,000. *N. J. S. A.* 39:6–70 provides that upon such application the court shall proceed in a summary manner, and upon the hearing thereof the applicant must show certain facts, among which are:

"(*m*) Whether he has recovered a judgment in an action against any other person against whom he has a cause of action in respect of his damages for bodily injury or death or damage to property arising out of the accident and stating the amounts recovered upon such judgments or the amounts, if any, received for indemnity or other benefits for such injury or death or damage to property from any person other than the operator or owner of the motor vehicle causing such injury, death or damage."

*N. J. S. A.* 39:6–71 provides that after the requirements of *N. J. S. A.* 39:6–70 have been satisfied by the claimant

the court shall make an order directing payment out of the Fund.

The above procedure requires that a judgment first be obtained against a known tortfeasor, which proves to be uncollectible, before resort may be made to the Fund. However, the statute also specifies a procedure to be followed in a "hit-and-run" case, such as this, where the plaintiff is unable to obtain a judgment because the tortfeasor's identity is unknown. *N. J. S. A.* 39:6–78 to–85. In this situation the plaintiff may bring his action against the Director in the first instance. *N. J. S. A.* 39:6–78. *N. J. S. A.* 39:6–84 provides that when a judgment has been obtained against the Director the court shall make an order directing the Treasurer to pay out of the Fund to the plaintiff the amount thereof which does not exceed $5,000. But this section contains the following proviso:

"that such maximum amount shall be reduced by any amount received or recovered by the plaintiff as specified in subparagraph (*m*) of section 10." [*N. J. S. A.* 39:6–70(*m*)].

Thus, the determination of the issue presented depends upon whether the following language of *N. J. S. A.* 39:6–70(*m*): "* * * the amounts, if any, received for indemnity or other benefits for such injury * * * from any person other than the operator or owner of the motor vehicle causing such injury" comprehends the receipt by the plaintiff of payments of the nature here involved.

The appellant contends that the words "the amounts, if any, received for indemnity or other benefits for such injury" refer to payments made to a plaintiff by way of settlement by one who was a participant in the accident, other than the operator or owner of the unidentified vehicle, and that when the statute speaks of "any person other than the operator or owner of the motor vehicle causing such injury" as the source of payment of indemnity or other benefits, "the most reasonable meaning of the words is that they refer to the causative actors in the accident other than the particular uninsured or unidentified operator or owner with respect

to whom the claim for payment out of the Fund is being made." He further urges that the phrase "indemnity or other benefits" refers to payments received directly "for such injury"; that he was not paid "for his injury" but rather because of the insurance contracts he held.

The difficulty with the plaintiff's argument is that the language of *N. J. S. A.* 39:6–70(*m*) does not admit of such a restrictive interpretation. The plain meaning of the language employed refutes the contention that this section was intended to include only those amounts received by way of settlement from one who was a contributing agent to the claimant's injuries. If the Legislature had intended to so limit the effect of this section it would have used words indicative of such an intention. It would have been unnecessary to use words of such broad import, *i. e.*, "indemnity or other benefits"; tortfeasors "settle," they do not pay "indemnity" or "benefits." The words employed do not lend themselves to the limited construction urged. Rather, they manifest an intention to provide for the allowance of deductions of a more comprehensive nature. There is no limitation as to the source from which the indemnity or benefits must be received. Nor is the receipt of any particular indemnity or benefit excepted from the operation of *N. J. S. A.* 39:6–70(*m*). We are convinced that the use of the words "indemnity or other benefits," without any limitation or exception as to the source from which they may be received, completely dispels the plaintiff's contention that this language is limited only to the receipt of amounts paid by way of settlement.

Nor do we find any merit in the plaintiff's argument that the amounts received are exempt from the operation of this section because they were not received "for such injury," but rather because of the contracts he held. While the payments made to the plaintiff consisted of the proceeds of insurance contracts, such payments were made on account of the injuries sustained by him. The injuries constituted the contingency upon which the various insurance benefits became payable. The language employed does not admit

of any possible distinction between amounts which were received directly or indirectly "for such injury," in the absence of any words of limitation as to the source of such payments. We conclude that the receipt of the proceeds made pursuant to the contracts of insurance held by the plaintiff is within the plain meaning of the words "amounts, if any, received for indemnity or other benefits for such injury," and thus were properly deducted from the maximum amount payable pursuant to *N. J. S. A.* 39:6–84.

The deduction of such amounts, moreover, is entirely consonant with the purposes of the statute. There is no absolute indemnity provided for. Allowance has been made for the deduction of indemnification or benefits received from sources other than the owner or operator of the motor vehicle causing the injury. Being so qualified, the statute does not reflect an intention to make every claimant completely whole, but rather to provide some measure of relief, up to a maximum of $5,000, where a claimant has not received any other compensation for his injuries. Thus, where a claimant has received compensation for his injuries from other sources and is not subjected to the hardship of absorbing the entire economic loss occasioned by the accident, it appears that the legislative policy ordains that such compensation be deducted from the amount recoverable from the Fund.

In so construing this statute we are not unmindful of Justice Heher's statement in *Giles v. Gassert,* 23 *N. J.* 24, 34 (1956), that:

"The statute is to be liberally construed to advance the remedy, due regard being had to the protection of the Fund against fraud and abuse and to the fulfillment of the essential legislative policy. The literal sense of terms is not to have ascendancy over the reason and spirit of the expression as a whole."

While liberality of construction of remedial legislation of this nature is desirable, we cannot ignore the plain meaning of the broad language employed in designating the amounts deductible from the sum payable out of the Fund.

It is not our function to legislate; it is our duty to interpret. And in doing so we must give effect to the language employed by the legislative body in order to properly effectuate the legislative design.

The judgment is affirmed.

*For affirmance*—Chief Justice WEINTRAUB, and Justices HEHER, WACHENFELD, BURLING, JACOBS, FRANCIS and PROCTOR—7.

*For reversal*—None.