49 N.J. Super. 139 (1958)
139 A.2d 457
DOMINICK MINARDI AND MARY ANN MINARDI, PLAINTIFFS-APPELLANTS,
v.
CHARLES J. DUPONT, DEFENDANT-RESPONDENT, AND WILLIAM DILL, DEFENDANT.
Superior Court of New Jersey, Appellate Division.
Argued February 10, 1958.
Decided March 3, 1958.
*141 Before Judges PRICE, HANEMAN and SCHETTINO.
Mr. Vincent C. DeMaio argued the cause for plaintiffs-appellants (Messrs. Heuser, Heuser & DeMaio, attorneys).
Mr. Benedict R. Nicosia argued the cause for defendant-respondent (Messrs. Quinn, Doremus, McCue and Russell, attorneys).
The opinion of the court was delivered by SCHETTINO, J.A.D.
Appeal is taken from an order of a trial court which deducted certain money credits received by plaintiff, Dominick Minardi, for temporary disability, health and accident, surgical expenses and Blue Cross hospital bills from the maximum payment which this plaintiff was entitled to receive from the Unsatisfied Claim and Judgment Fund pursuant to N.J.S.A. 39:6-61 et seq.
Plaintiff, Dominick Minardi, obtained against the uninsured defendant, Dupont, a judgment of $35,000 arising from an automobile accident and applied, in accord with the procedures provided by the statute, for payment out of the Fund. In conformity with N.J.S.A. 39:6-70(m,) at the hearing on the application for payment of the judgment, this plaintiff testified receipt of payments of $1,054.29 upon an insurance policy for loss of wages caused by disability, of $248.57 from a health and accident policy, of $275 for surgical services from medical and surgical insurance and finally of $1,546.01 from the Blue Cross for hospital bills. The total of $3,123.87 was deducted from the assumed maximum amount payable of $4,800 and thus the trial court awarded plaintiff $1,676.13.
When the briefs were filed this case involved a question of novel impression. Some facets of the problem were disposed of by an opinion of the Supreme Court in Dixon v. Gassert, 26 N.J. 1 (1958). At oral argument plaintiff's counsel advocated a distinction which we will discuss later. *142 All concede that the basic legislative policy is to provide at least some limited protection for an innocent victim of an uninsured driver under certain safeguards.
The first relevant statutory provision is N.J.S.A. 39:6-71, entitled "Order for payment of judgment," and provides in part:
"The court shall make an order directed to the treasurer requiring him to make payment from the fund of such sum, if any, as it shall find to be payable upon said claim, pursuant to the provisions of and in accordance with the limitations contained in this act, if the court is satisfied, upon the hearing:

* * * * * * * *
Any amount for compensation or indemnity for damages or other benefits which the plaintiff has received or can collect from any person other than the judgment debtor shall be deducted from the amount due upon the judgment for payment of which claim is made."
N.J.S.A. 39:6-73, entitled "Limitation on amounts payable from fund," provides in part:
"No order shall be made for the payment, and the treasurer shall make no payment, out of the fund, of

* * * * * * * *
(b) The first two hundred dollars ($200.00) of any judgment or of the unsatisfied portion thereof, or
(c) The unsatisfied portion of any judgment which, after deducting two hundred dollars ($200.00) therefrom, exceeds
(1) the maximum or limit of five thousand dollars ($5,000.00), exclusive of interest and costs, on account of injury to, or death of, one person in any one accident, and

* * * * * * * *
Provided, that such maximum amounts shall be reduced by any amount received or recovered as specified in sub-paragraph (m) of section ten [39:6-70(m)]."
We note that no issue was raised or argued on the narrow question of whether, under the admitted facts of this case, the $200 is deducted from the total judgment or from the maximum amount of $5,000 recoverable from the Fund. Both attorneys assumed the $200 is deducted from the $5,000 and that, therefore, the highest amount recoverable was $4,800. In view of the ambiguities inherent in this statute, we would have to have submitted to us not only counsels' research and argument but also evidence of the practice by *143 the Fund agency. The contemporaneous practical construction of a statute by a state agency charged with its administration is entitled to weight in interpreting the statute. In re Borough of Glen Rock, 25 N.J. 241, 246, 250 (1957); Lane v. Holderman, 23 N.J. 304, 322 (1957); Lloyd v. Vermeulen, 22 N.J. 200, 210 (1956). We do not, therefore, decide this issue on this appeal.
N.J.S.A. 39:6-70, entitled "Hearing on application for payment of judgment," states in part as follows:
"The court shall proceed upon such application, in a summary manner, and, upon the hearing thereof, the applicant shall be required to show

* * * * * * * *
(m) Whether he has recovered a judgment in an action against any other person against whom he has a cause of action in respect of his damages for bodily injury or death or damage to property arising out of the accident and stating the amounts recovered upon such judgments or the amounts, if any, received for indemnity or other benefits for such injury or death or damage to property from any person other than the operator or owner of the motor vehicles causing such injury, death or damage."
Plaintiff claims that he is entitled to receive payment of $4,800 after deducting the first $200 pursuant to N.J.S.A. 39:6-73(b), while the Unsatisfied Claim and Judgment Fund Board contends that it is obligated to pay no more than $1,676.13, i.e., the difference between $4,800 and the amounts received by this plaintiff as stated above. Plaintiff's computation of the amount due from the Fund is as follows:

 Judgment .......................................... $35,000.00
 Deduction by virtue of the last sentence
 of Section 39:6-71 for amounts received
 by plaintiff as indemnity for damages and
 other benefits .................................... 3,123.87
 __________
 Balance due on the judgment ....................... $31,876.13
 ==========
 Fund Limit ........................................ $4,800.00
 Deductions under sub-paragraph (m) ................ -0-
 __________
 Balance due from fund ............................. $4,800.00

*144 Plaintiff contends that the basic question is: What did the Legislature intend to be deducted from the judgment under N.J.S.A. 39:6-71 and what did the Legislature intend to be deducted from the fund limit by virtue of subsection (m) of N.J.S.A. 39:6-70?
Plaintiff argues that there are significant differences in the language used in these two statutory provisions; that when the Legislature was discussing the amount to be deducted from the judgment the phrase which was used was "Any amount for compensation or indemnity for damages or other benefits," that subsection (m) which deals with the deductions from the fund limit contains two separate requirements: (a) the first, that a deduction be made from the fund limit in the event the claimant has recovered a judgment in an action against any other person in respect of his damages for bodily injury (that this first requirement is not applicable here since the claimant has not recovered a judgment against any other person except the respondent), and (b) the second is that there be a deduction from the fund limit of the amount, if any, received for indemnity or other benefits for such (bodily) injury. Plaintiff argues that this language is not only different but significantly and purposefully so, because the obvious purpose of deducting from the amount due upon the judgment any amount due for compensation or indemnity for damages or other benefits is to prevent the claimant from making a double recovery, and thus the consequence would be that if the claimant had recovered the full amount of his judgment from sources other than the Fund, he would have no claim against the Fund.
Plaintiff continues that subsection (m) deals, however, with a situation in which, taking into consideration all other amounts received by the claimant there is still a balance due upon the judgment, and that then subsection (m) deals with the type and kind of benefit for which the Fund can claim a credit. It is significant, plaintiff says, first, that in subsection (m) the Legislature did not use the word "any" to prefix the words which follow; that, in addition, in subsection *145 (m) the Legislature did not use the word "damages," rather it used the word "injury"; that the difference between "damage" and "bodily injury" is the difference between the whole and one of its parts, i.e., damages include compensation for loss of wages, hospital bills, doctor bills, pain and suffering and permanent disability, while indemnity for bodily injury is only a part of damages and it is only that part of damages which subsection (m) requires to be deducted from the fund limit, and therefore, since plaintiff in this case has received no "indemnity for bodily injury," the Unsatisfied Claim and Judgment Fund is not entitled to the credits.
Plaintiff also complains that the Fund completely disregards the last sentence of N.J.S.A. 39:6-71 in two respects; firstly, the Fund does not make the deduction there required and, secondly, the Fund completely disregards the distinction made between "damages" and "injury."
The two sections which might appear to be contradictory are N.J.S.A. 39:6-71, supra, beginning with the words "Any amount," and N.J.S.A. 39:6-73, beginning with "Provided," insofar as they both seem to apply the amounts shown in N.J.S.A. 39:6-70(m) as deductions. The pertinent section with reference to this appeal is N.J.S.A. 39:6-73 in which is specifically stated that the amounts shown under sub-paragraph (m) shall be deducted from the maximum amount recoverable under the statute.
The Dixon case involved a "hit-and-run" driver and the sections analyzed by the Supreme Court were N.J.S.A. 39:6-70(m), 71 and 78 through 84. N.J.S.A. 39:6-78 through 82 set forth the mechanics required to prove that a claimant was the victim of a "hit-and-run" driver. N.J.S.A. 39:6-83 and 84 set forth the manner of determining the amount of the judgment and order for payment in "hit-and-run" cases. It is to be noted that in the sections making provision for an order of payment, i.e., N.J.S.A. 39:6-73 and N.J.S.A. 39:6-84, insofar as is here pertinent, identical language is used, with the exception that the latter has the words "by the plaintiff" inserted between the words *146 "recovered" and "as," and that the word "amounts" is in the plural in the former section and in the singular in the latter. These differences neither add to nor detract from the sense and purpose of the statute for our decision. Therefore, in both categories, i.e., (1) of an unsatisfied judgment creditor of a known uninsured driver, or (2) of a "hit-and-run" victim, an order may be made directing the Treasurer to reimburse a claimant up to a maximum of $5,000 less the specified deductions. Dixon v. Gassert, 26 N.J. 1, 8 (1958). The purpose of the statute is to give to both classes identical relief subject to identical deductions.
Were it not for that portion of N.J.S.A. 39:6-71 reading, "Any amount for compensation or indemnity for damages or other benefits which the plaintiff has received or can collect from any person other than the judgment debtor shall be deducted from the amount due upon the judgment for payment of which claim is made," we would apply the rule in Dixon v. Gassert, supra, without further comment.
We refer to well-founded rules of statutory construction. Mr. Justice Heher, for the Supreme Court, stated in Caputo v. Best Foods, Inc., 17 N.J. 259, 264 (1955):
"It is not `the words of the law, but the internal sense of it that makes the law.' Eyston v. Studd, 2 Plowd. 459; 75 Eng. Repr. 695 (1574). The reason of the law, i.e., the motive which led to the making of it, is one of the most certain means of establishing the true sense of the words. Valenti v. Board of Review of Unemployment Compensation Commission, 4 N.J. 287 (1950); In re Roche's Estate, 16 N.J. 579 (1954). In early English language usage, this was deemed the construction and application of the law according to the equity of the statute'; but it will be seen from the case cited that, as is true of the present-day canons of interpretation, it was from the beginning a rule in aid of the legislative intention within the four corners of the expression, considered in the context of its socio-economic setting, i.e., the sense and reason of the law. Sutherland, Statutory Construction (3d ed.), sec. 6001 et seq. The intention emerges from the spirit and policy of the statute rather than the literal sense of particular terms."
In Maritime Petroleum Corp. v. City of Jersey City, 1 N.J. 287, 297-298 (1949), Mr. Justice Heher said:
*147 "The context of an act or acts in pari materia may serve to enlarge or restrain general words, and thus to bring the operation of the act within the evident intention of the Legislature. A statute is to be construed as a whole with reference to the system of which it is a part. Apparently conflicting provisions are to be reconciled in accord with the general intent. The true meaning of any clause or provision ordinarily is that which best comports with the subject and general object of the act. Lewis' Sutherland Statutory Construction (2d ed.), sec. 348."
In Giles v. Gassert, 23 N.J. 22, 33-34 (1956), we find:
"The sense of a law is to be collected from its object and the nature of the subject matter, the contextual setting, and the statutes in pari materia; and the import of a particular word or phrase is controlled accordingly. Isolated terms cannot be invoked to defeat `a reasonable construction.'"
So here, N.J.S.A. 39:6-71 must be read in the light of the object and nature of the entire statute and its several sections. Any conflict which might seem to exist between it and the other sections must be reconciled to accord with the general intent of the act. Although N.J.S.A. 39:6-71 is not in the exact verbiage of sections N.J.S.A. 39:6-73, 83 and 84, it is to all intents and purposes a paraphrase thereof. It contains words which, although not identical with those employed in N.J.S.A. 39:6-70(m), convey the same import and meaning as N.J.S.A. 39:6-70. Any other conclusion would lead to an anomalous and unreasonable construction, inconsistent with the apparent legislative design. Moreover, N.J.S.A. 39:6-71 concerning unsatisfied judgment creditors of known uninsured defendants is comparable to N.J.S.A. 39:6-83 concerning "hit-and-run" victims of unknown defendants. Both refer to a definitive action by the court after compliance with N.J.S.A. 39:6-70.
In Dixon v. Gassert, 26 N.J. 1, 5-6 (1958), Mr. Justice Proctor stated:
"N.J.S.A. 39:6-71 provides that after the requirements of N.J.S.A. 39:6-70 have been satisfied by the claimant the court shall make an order directing payment out of the Fund." *148 In conclusion, we emphasize the following language in the Dixon case (26 N.J. at pages 8-9):
"The deduction of such amounts, moreover, is entirely consonant with the purposes of the statute. There is no absolute indemnity provided for. Allowance has been made for the deduction of indemnification or benefits received from sources other than the owner or operator of the motor vehicle causing the injury. Being so qualified, the statute does not reflect an intention to make every claimant completely whole, but rather to provide some measure of relief, up to a maximum of $5,000, where a claimant has not received any other compensation for his injuries. Thus, where a claimant has received compensation for his injuries from other sources and is not subjected to the hardship of absorbing the entire economic loss occasioned by the accident, it appears that the legislative policy ordains that such compensation be deducted from the amount recoverable from the Fund.
In so construing this statute we are not unmindful of Justice Heher's statement in Giles v. Gassert, 23 N.J. 22, 34 (1956) that:
`The statute is to be liberally construed to advance the remedy, due regard being had to the protection of the Fund against fraud and abuse and to the fulfillment of the essential legislative policy. The literal sense of terms is not to have ascendancy over the reason and spirit of the expression as a whole.'
While liberality of construction of remedial legislation of this nature is desirable, we cannot ignore the plain meaning of the broad language employed in designating the amounts deductible from the sum payable out of the Fund. It is not our function to legislate; it is our duty to interpret. And in doing so we must give effect to the language employed by the legislative body in order to properly effectuate the legislative design."
Factually, the benefits received from other sources in both the Dixon case and the present case are almost identical. We fail to find any basis for applying a different concept to the same set of fact-benefits under two similarly worded deduction sections of the same statute.
At oral argument plaintiff attempted to distinguish the Dixon case, supra, on the facts that the judgment in that case arose out of a hit-and-run accident, that the driver of the car causing the accident fled, that the driver could not be ascertained, and that the judgment therefore was taken against the Director of the Division of Motor Vehicles pursuant to N.J.S.A. 39:6-84, while the present case involves *149 a known uninsured defendant. Plaintiff contended that the Legislature intended to restrict the limit of recovery in the hit-and-run case because there would be no chance of recovery over by the Fund since the hit-and-run driver could not be found, whereas in the case of a known driver the Fund had some possibility of recovery under its subrogation rights.
The weakness of this oral argument is apparent from the reading of N.J.S.A. 39:6-77, providing for assignments by plaintiff of judgments against known uninsured defendants to the Director of Motor Vehicles, and N.J.S.A. 39:6-85, providing for subrogation by plaintiff to the said Director of the cause of action of plaintiff against the operator and owner of the motor vehicle in the hit-and-run case. Therefore, the Legislature anticipated recovery from all defendants  known and unknown.
Judgment affirmed without costs.