58 N.J. Super. 262 (1959)
156 A.2d 52
PAUL UNGER, PLAINTIFF,
v.
WALTER C. KEMMERER, DEFENDANT.
Superior Court of New Jersey, Law Division.
Decided November 20, 1959.
*263 Mr. William J. Gearty appeared for the plaintiff (Mr. Thomas E. Durkin, Jr., attorney).
Mr. Clifford W. Starrett appeared for the defendant (Messrs. Schenck, Smith & King, attorneys).
MILLS, J.S.C. (temporarily assigned).
Plaintiff, by notice of motion, seeks an order to compel the Unsatisfied Claim and Judgment Fund to make payment in satisfaction of a judgment. N.J.S.A. 39:6-71. The matter was heard in a summary manner. N.J.S.A. 39:6-70. The only question in dispute is whether or not $1,400 is deductible under the statute.
Plaintiff recovered a judgment against the defendant in the sum of $25,000 for personal injuries he received as a result of an auto accident on September 21, 1957. Plaintiff at the time he received his injuries was employed by Johnson & Johnson at a weekly rate of $120. He was out of work as the result of the injuries from September 21, 1957 to January 7, 1958. The auto accident was not connected in any way with his employment and, although not legally obligated, the employer paid his wages amounting to $1,400.
N.J.S.A. 39:6-70 provided, prior to its 1958 amendment, that the applicant for an order directing payment from the fund should in a summary manner be required to show:
"(m) Whether he has recovered a judgment in an action against any other person against whom he has a cause of action in respect of his damages for bodily injury or death or damage to property arising out of the accident and stating the amounts recovered upon such judgments or the amounts, if any, received for indemnity or other benefits for such injury or death or damage to property from any person other than the operator or owner of the motor vehicle causing such injury, death or damage." (L. 1952, c. 174, s. 10.)
*264 N.J.S.A. 39:6-71 provided that the court should make an order directing the Treasurer to make payment from the fund in the amount found to be due within the limitations of the act. It then provided:
"Any amount for compensation or indemnity for damages or other benefits which the plaintiff has received or can collect from any person other than the judgment debtor shall be deducted from the amount due upon the judgment for payment of which claim is made." (L. 1955, c. 1, s. 5.)
These two statutes were amended by chapter 98 of the Laws of 1958, effective July 1, 1958. The 1958 amendments are not applicable to plaintiff by virtue of section 3 of said chapter 98, which provides it shall apply only to damages arising out of an accident on or after the effective date of the amendment. The amendment provided by said chapter 98 does away with the deduction "for compensation or indemnity for damages or other benefits which the plaintiff has received or can collect from any person other than the judgment debtor."
The question, therefore, to be decided is whether the $1,400 is "compensation or indemnity for damages or other benefits which the plaintiff has received or can collect from any person other than the judgment debtor."
Three cases have been decided by our courts construing this point of the statute as follows:
(1) Dixon v. Gassert, 26 N.J. 1 (1958), held that payments made under accident and health policy, and payments made under a hospitalization contract, constituted "indemnity or other benefits" deductible from the maximum amount recoverable under the statute.
(2) Fasano v. Gassert, 49 N.J. Super. 52 (Law Div. 1958), held that the term "other benefits" includes temporary disability, hospitalization and medical, surgical payments, and are deductible.
(3) Minardi v. Dupont, 49 N.J. Super. 139 (App. Div. 1958), held that amounts received under various insurance *265 policies for temporary disability, health and accident benefits, surgical expenses and hospital care are deductible.
Plaintiff argues that plaintiff's weekly paycheck is not contingent upon any injury and therefore is not "compensation for his injuries."
In the Dixon case, Mr. Justice Proctor said, at pages 7-8 of 26 N.J.:
"* * * There is no limitation as to the source from which the indemnity or benefits must be received. Nor is the receipt of any particular indemnity or benefit excepted from the operation of N.J.S.A. 39:6-70(m). * * *
Nor do we find any merit in the plaintiff's argument that the amounts received are exempt from the operation of this section because they were not received `for such injury,' but rather because of the contracts he held. * * * The injuries constituted the contingency upon which the various insurance benefits became payable. The language employed does not admit of any possible distinction between amounts which were received directly or indirectly `for such injury,' in the absence of any words of limitation as to the source of such payments. * * *
* * * Being so qualified, the statute does not reflect an intention to make every claimant completely whole, but rather to provide some measure of relief, up to a maximum of $5,000, where a claimant has not received any other compensation for his injuries. * * *"
Certainly, the $1,400 is an amount received. It was indirectly "for such injury" from a person "other than the operator or owner of the motor vehicle causing such injury." Surely the employer would not have paid the salary to plaintiff twice if he had been at work during the period of September 21, 1957 to January 7, 1958. The $1,400 is therefore deductible.
Order may be presented for payment in accordance with this opinion.