97 N.J. Super. 238 (1967)
234 A.2d 733
HERBERT DOWNS, GUARDIAN OF HIS MINOR CHILD, JOY DOWNS, PLAINTIFF,
v.
OSCAR WINSLOW, DEFENDANT.
ROSEMARY DiIONNO, AN INFANT BY HER GUARDIAN AD LITEM, TONY DiIONNO, AND TONY DiIONNO, INDIVIDUALLY, PLAINTIFFS,
v.
OSCAR WINSLOW, DEFENDANT.
Superior Court of New Jersey, Law Division.
Decided September 14, 1967.
*239 Mr. Walter L. Leib for plaintiffs Downs (Messrs. Read & Leib, attorneys).
Mr. Leonard Sachar for plaintiffs DiIonno (Messrs. Sachar, Sachar & Bernstein, attorneys).
Mr. William O. Barnes, Jr. for defendant Winslow.
DeVITA, J.D.C. (temporarily assigned)
Herbert Downs, guardian of his minor child Joy, sued Oscar Winslow for damages on behalf of his infant daughter, who was injured while a passenger in a motor vehicle operated by the co-plaintiff Rosemary DiIonno. Tony DiIonno, guardian ad litem of his minor child Rosemary DiIonno, instituted suit against Winslow for damages on behalf of his infant daughter, who was injured while operating a motor vehicle. Both cases were consolidated for trial and a jury returned verdicts on behalf of both plaintiffs.
The first issue is whether the payment from DiIonno's insurance carrier is deductible from Joy Downs' final judgment pursuant to N.J.S.A. 39:6-70, 71.
Unsatisfied Claim and Judgment Fund statutes requiring deductions can be grouped into two general categories. The first requires the deduction from any judgment rendered of any benefits received by the claimant from anyone other than the judgment debtor. The second requires the deduction from judgment rendered any sum collected from any source in payment of the judgment.
When the New Jersey Legislature approved the Unsatisfied Claim and Judgment Fund Law in 1952 the statute closely conformed with existing statutes in the first category. However, *240 in 1958 the Legislature amended the statute to the degree that it now conforms more precisely with the second category.
Believing some historical court decisions would be helpful in the final analysis, the following is set out in summary fashion to demonstrate the interpretation of the 1952 act.
All case law deciding such issue prior to the 1958 amendment is clear and unequivocal. The old statute, formerly cited as subparagraph (m) of section 10, presently amended to N.J.S.A. 39:6-70 (m) read as follows:
"* * * the applicant shall be required to show (m) Whether or not he has recovered a judgment in an action against any other person against whom he has a cause of action in respect of his damages for bodily injury or death or damage to property arising out of the accident and stating the amounts recovered upon such judgments or the amounts, if any, received for indemnity or other benefits for such injury or death or damage to property from any person other than the operator or owner of the motor vehicle causing such injury, death or damage." (Emphasis added to section which was subsequently amended).
The former relevant section of N.J.S.A. 39:6-71 read as follows:
"Any amount for compensation or indemnity for damages or other benefits which the plaintiff has received or can collect from any person other than the judgment debtor shall be deducted from the amount due upon the judgment for payment of which claim is made." (Emphasis added).
Case law considering these sections is abundant. In Dixon v. Gassert, 26 N.J. 1 (1958), the court held that hospitalization payments paid from accident and health policies constituted "an indemnity or other benefits" deductible from the judgment rendered.
In Fasano v. Gassert, 49 N.J. Super. 52 (Law Div. 1958), the court held deductible payments for temporary disability, hospitalization, surgical and medical payments as "other benefits."
*241 In Minardi v. Dupont, 49 N.J. Super. 139 (App. Div. 1958), the court also held deductible amounts received under various insurance policies, such as surgical and hospital expenses, health and accident benefits and temporary disability.
In Unger v. Kemmerer, 58 N.J. Super. 262 (Law Div. 1959), the court held that wages paid voluntarily by an employer to the injured party were also deductible as "compensation or indemnity for damages or other benefits which the plaintiff has received."
In Holmberg v. Aten, 68 N.J. Super. 73 (App. Div. 1961), the court held that benefits from policies held by a member of the family not injured, paid to cover injuries sustained by a family member, were also deductible as "indemnity or other benefits."
Judge Barger, in Collins v. Yancey, 55 N.J. Super. 514 (Law Div. 1959), stated:
"The statute is social legislation and is to be liberally construed in order to advance the remedy, with due regard for proper protection of the Fund against fraud or imposition, so that all who are within the defined classification may receive relief as a matter of the social policy which is the underlying motivation for passage of the statute." (at p. 519; emphasis added)
Judge Freund, in Holmberg v. Aten, supra, also commented that the underlying purpose of the Unsatisfied Claim and Judgment Fund Law is not to make every claimant whole but to provide some basic measure of relief from possible hardship attendant upon claimant's absorption of entire economic loss occasioned by accident.
It appeared under the old law that any payment triggered by an accident or furnished to reduce any expense resulting from an accident, be it hospitalization, temporary disability or even wages voluntarily paid, was unerringly deducted from any judgment rendered. However, the Legislature in 1958 amended the two quoted sections of the statute. The relevant portion of N.J.S.A. 39:6-70 (m) reads as follows:
*242 "Whether or not he has recovered a judgment in an action against any other person against whom he has a cause of action in respect of his damages for bodily injury or death or damage to property arising out of the accident and what amounts, if any, he has received by way of payments upon the judgment, or by way of settlement of such cause of action, in whole or in part, from or on behalf of such other person." (Emphasis added to revised portion of the statute)
Also, N.J.S.A. 39:6-71:
"Any amount which the plaintiff has received or can collect by way of payments upon the judgment or by way of settlement of the cause of action, in whole or in part, from or on behalf of any person other than the judgment debtor, described in subparagraph m of section 10, [N.J.S.A. 39:6-70 (m)] shall be deducted from the amount due upon the judgment for payment of which claim is made." (emphasis added)
The revised portion of N.J.S.A. 39:6-71 refers back to and is controlled by the language in N.J.S.A. 39:6-70 (m), which is therefore the decisive portion of the statute.
The policy reasons which stimulated the Legislature to revise the statute and the interpretation of such statute have never been decisively articulated in any case. The issue, in light of the absence of recent cases on point, appears to be novel. Shepardising the old cases proved to be a fruitless venture. However, with the aid of the old cases, interpreting the then existing law, an insight can be more easily formulated as to the policy reasons for such amendments.
Judge Freund, in Holmberg v. Aten, supra, commented on the revised portion of the statute:
"(Compare the 1958 amendment to the statute, placing `words of limitation' upon the deductible benefit provisions. The purpose of the amendment was expressed in its legislative statement to be `to permit persons who are entitled to recover from the fund to be paid the full amount of their judgment subject to the limiting amounts payable from the fund, but without deducting indemnities, benefits and gratuities received or due from sources other than a tort feasor or someone making a payment on his behalf.' L. 1958, c. 98)" (at p. 79)
The Legislature, in light of present-day conditions, attempted to allow an injured party greater recovery. They *243 intentionally struck from the statute, N.J.S.A. 39:6-70(m), the following language, "and stating what amounts recovered upon such judgment or the amounts, if any, received for indemnity or other benefits for such injury * * *." (emphasis added) Today, all the "other benefits" cited in the previous case would not be deductible.
The controlling question to be resolved is whether the payment by the DiIonno's insurance carrier to Joy Downs is to be considered as "other benefits," or is it to be considered as money recovered in a judgment in an action against any other person against whom she has a cause of action in respect to her damages for bodily injury (N.J.S.A. 39:6-70 (m)) which is deductible.
Judge Fulop, in Nash v. Iamurri, 76 N.J. Super. 167 (Law Div. 1962), explained some of the language used in N.J.S.A. 39:6-71:
"The `all persons' and `all such persons against whom the applicant might reasonably be considered as having a cause of action in respect to damages' refers back to `other person' in N.J.S.A. 39:6-70. It refers principally to joint tortfeasors.

* * * * * * * *
There is no requirement that the plaintiff institute an action against any person against whom it does not appear reasonably likely that liability may be established. The determination of the reasonable likelihood of success must necessarily be made in the first instance by the plaintiff, usually on the advice of his attorney." (at p. 175)
And
"* * * plaintiff and his attorney must in all cases under this statute form a judgment as to the course to be pursued. But the reasonableness and good faith of that judgment is not left to their final determination. They must justify it in the suit to recover from the Fund. In that suit, as here, the court with or without a jury, must determine whether or not the plaintiff has brought himself within the terms of the act." (at p. 176; emphasis added).
It is incumbent upon the court, in the present action, to decide whether the plaintiff Downs reasonably excluded Rosemary DiIonno from the suit. It appears that Joy *244 Downs, with advice of her counsel, determined that the likelihood of successfully establishing the liability of Rosemary DiIonno was negligible. The court approved plaintiff Downs' decision as reasonable when it stated that there was no cause of action against the driver, Rosemary DiIonno by directing a verdict of no contributory negligence on her part. By such direction, Joy Downs could be said not to have a cause of action against Rosemary DiIonno whereby any payment by the DiIonno insurance carrier could be said not to be a recovery of a judgment in an action against any other person against whom she has a cause of action in respect to her damages for bodily injury. N.J.S.A. 39:6-70(m).
Combining the court's decision in conjunction with the Legislative revision of the act liberalizing recovery benefits for the injured party, it can be said that such payment from DiIonno's insurance carrier can be classified as "other benefits" which, under the present statute, is not deductible, thereby allowing Joy Downs also to recover from the Fund the full amount of her judgment.
As to the second issue, whether an appeal temporarily precludes demand for payment from the Fund, N.J.S.A. 39:6-69 (application for payment of judgment) must be referred to. The relevant portion is as follows:
"When any qualified person recovers a valid judgment in any court of competent jurisdiction in this State * * * and any amount remains unpaid thereon in the case of a judgment for bodily injury * * * such judgment creditor may, upon the termination of all proceedings, including reviews and appeals in connection with such judgment, file a verified claim in the court in which the judgment was entered and, upon 10 days written notice to the board may apply to the court for an order directing payment out of the fund, of the amount unpaid upon such judgment for bodily injury * * *." (Emphasis added)
N.J.S.A. 39:6-69 controls the time sequence of N.J.S.A. 39:6-70 and 71. After all appeals, the rule states the judgment creditor must file a claim (N.J.S.A. 39:6-70) *245 in the court for payment. After ten days' notice to the Board, the judgment creditor then applies to the court for an order (N.J.S.A. 39:6-71) for payment. N.J.S.A. 39:6-9 appears to be the sole source of authority dealing with the chronology of appeals and payment. It therefore appears that application for payment should be delayed until all proceedings (appeals) are terminated.
One case on record dealt in a peripheral sense with the issue. In Lindsay v. Boles, 61 N.J. Super. 516 (Law Div. 1960), plaintiff was attempting to recover the principal plus interest on his judgment accruing during the period from the date judgment was entered until he submitted a verified claim seeking an order requiring payment out of the Fund. The cause of this time lapse between judgment and application was spent in plaintiff's unsuccessful attempt to obtain a new trial. The court stated:
"While the Fund Law provides that application for payment of the judgment out of the Fund may not be filed until after `the termination of all proceedings, including reviews and appeals in connection with such judgment,' N.J.S.A. 39:6-69, the act contains no limitation as to time thereafter within which such application must be made." (at p. 520)
The court in this case recognized that no application could be made until all efforts of obtaining a new trial were exhausted. It therefore follows that an application for payment should also be stayed until all proceedings (reviews or appeals) have been terminated.