NANCY JAEGER ET AL., PLAINTIFFS–APPELLANTS, v. STATE OF NEW JERSEY ET AL., DEFENDANTS–RESPONDENTS.

Superior Court of New Jersey
Appellate Division

Argued October 15, 1980—Decided October 30, 1980.
November 17, 1980.

Before Judges FRITZ, POLOW and JOELSON.

*William A. Cambria* argued the cause for appellants (*Sauer, Boyle, Dwyer, Canellis & Cambria* attorneys).

*Robert A. Fagella,* Deputy Attorney General, argued the cause for respondents (*John J. Degnan,* Attorney General, attorney; *Erminie L. Conley,* Assistant Attorney General, of counsel).

The opinion of the court was delivered by

POLOW, J. A. D.

By their appeal to the Chancellor of Higher Education, initiated in this matter on January 3, 1978, seven nonteaching professional employees of New Jersey state colleges attacked the prevailing interpretation of *N.J.S.A.* 18A:60–14 as unreasonable, contrary to statutory intent and constitutionally impermissible sex discrimination. Specifically, a memorandum issued by the Assistant Chancellor of Higher Education instructed the state colleges that an approved leave of absence taken during the five–year probationary period for multi–year contract eligibility constituted a break in the "consecutive years" requirement of the statute. Thus, the five–year probationary period was required to start again upon termination of any such leave. It was appellant's contention that an approved leave of absence does not constitute a break in the five consecutive years requirement. Furthermore, most of the petitioners were women who had taken maternity leaves and who sought relief based upon alleged sex discrimination.

The statute in question, as amended in 1979, provides as follows:

> Members of the professional staff not holding faculty rank may be appointed by a board of trustees for 1–year terms; provided, however, that after employment in a college for 5 consecutive academic years <u>or for the equivalent of 5 academic years within a period of any 6 consecutive academic years</u>, such employees may be offered contracts of no more than 5 years in length. During the period of such contracts, such employees shall be subject to dismissal only in the manner prescribed by subarticle B of article 2 of chapter 6 of Title 18A of

the New Jersey Statutes, and must be notified by the president not later than 1 year prior to the expiration of such contracts of the renewal or nonrenewal of the contract. [Emphasis supplied].

The underlined phrase, "or for the equivalent of 5 academic years within a period of any 6 consecutive academic years," was added by the amendment enacted subsequent to the filing of this action with the Chancellor. Although it effectively applies to any nonteaching professional regardless of sex, it accommodates leaves of up to one year for maternity absence for female professionals. We note that, of the seven original individual petitioners, five have left their previous positions as nonteaching professionals or have achieved multi–year contract status and thus their claims are conceded to be nonjusticiable at this time. Nevertheless, the two remaining appellants continue to pursue their attack on the statute on their own behalf.*

Appellants do not accept the 1979 amendment as having rendered their attack moot. Rather, they insist that although the Legislature thereby "sought to ameliorate the problem, it has actually aggravated the discriminatory impact, because, with only one special exception, every leave of absence of more than one year among nonteaching professionals has been for pregnancy and/or maternity reasons. Deprivation of the multi–year contract thus falls exclusively on female employees."

With regard to the two individual appellants whose claims remain justiciable, both have been employed since October 1970. Nancy E. Jaeger has had continuous employment at Ramapo College except for one maternity leave from March 1977 until April 1978. Bonnie Yezo has been continuously employed at Kean College except for one maternity leave from April 1975 until June 1976. Since both appellants took maternity leaves exceeding one year, the Chancellor found that they were not eligible for multi–year contracts commencing with the 1978–79

---

*The Board of Higher Education declined to consider this as a class action since the application therefor was not perfected. That determination is not challenged on this appeal.

academic year. In this regard, his decision was adopted by the Board of Higher Education. Although appellants have not set forth their specific demands with regard to application of the statute to their individual situations, they request that the ruling of the Chancellor and Board of Higher Education be reversed. Appellants urge that we "set aside the interpretation of the statute applied by the board" and that "the statute should be interpreted in a reasonable and equitable manner" to avoid sex discrimination. Finally, they request only that "petitioners should be granted immediate consideration for multi–year contracts."

Although appellants' demands are not clearly and specifically articulated, we will nevertheless deal with the controversy in particular terms as we perceive appellants intended. The Chancellor and the Board of Higher Education have interpreted the present statute as requiring five years of employment within six consecutive years for eligibility for a multi–year contract. They conclude that limiting leaves of absence during the six consecutive years to not more than 12 months is reasonable irrespective of the reason for the leave. Appellants, on the other hand, argue that such an interpretation is unreasonable and discriminatory.

Although we agree with the Board's interpretation of the statute in this regard, we also conclude that appellants should have sought, and the agency should have decided, the specific question of the effect of the new statute on eligibility of the two remaining appellants for multi–year contracts. In order to complete the determination of the matter on review, we will exercise our original jurisdiction, R.2:10–5, and determine the present status of appellants in this context.

The statute is clear and unambiguous. It must be construed to express the ordinary meaning of the terms contained therein. *Service Armament Corp. v. Hyland,* 70 *N.J.* 550 (1976). There is no room for "liberal construction," as urged by appellants. We are bound by the intent of the Legislature as evidenced by the

provision's clear language. It is not our function to substitute our judgment for that of the Legislature. *Dixon v. Gassert*, 26 *N.J.* 1, 9 (1958). Nor may we apply a meaning we believe to be more equitable or fair. *Matawan v. Monmouth Cty. Bd. of Tax.*, 51 *N.J.* 291, 298 (1968).

In this instance we are further assured of the legislative intent by consideration of the statement annexed to the amendment by the Senate Education Committee. It announces that the proposed legislation permits nontenured staff members to take one–year leaves of absence during their periods of probation without affecting their opportunity to obtain multi–year contracts after five years of service. There is a further specific reference to the fact that previously an interruption due to illness or pregnancy required a staff member "to begin the five year cycle" again. The amendment was therefore proposed in response to challenges of the nature made by these appellants that the statute allegedly fostered discrimination. In light of the prefatory legislative statement, appellants' present attack, which does not challenge the constitutionality of the statute as amended but questions its interpretation, is untenable. In any event, we are fully satisfied that the statute passes constitutional muster. See Annotation, "Sex Discrimination," 27 *L.Ed.2d* 935 (1970). Therefore, the specific limitation clearly announced by the Legislature is binding upon the courts. *Eagle Truck Transport, Inc. v. Board of Review*, 29 *N.J.* 280, 289 (1959).

Appellants have cited two administrative decisions by the Commissioner of Education which concluded that leaves of absence for periods exceeding one year could be treated as though there were no break in service for acquisition of time necessary for tenure. We, of course, are not bound by a decision of an administrative agency in its interpretation of a statute or of a strictly legal issue. *Mayflower Securities v. Bureau of Securities*, 64 *N.J.* 85, 92–93 (1973). Furthermore, we do not view the limitation of leaves of absence to no more than 12 months within a six–year period as unfair or unreasonable in

fixing eligibility for multi–year contract benefits. Nor is there
any merit to appellants' insistence that the one–year leave of
absence limitation discriminates against women who may need
leave time for maternity purposes. There is nothing in the
record which would support the conclusion that by making the
leave of absence provision available to male as well as female
employees, a particular advantage will be enjoyed by the men.
Such leaves are subject to approval and presumably granted for
good cause. The record supports the conclusion, based upon
statistical analysis of prior experience, that the leave of absence
provision of the amended statute, although available to men,
redounds substantially to the benefit of women for maternity
leave purposes. Hence, it is not discriminatory. *Gilchrist v.
Haddonfield, Bd. of Ed.*, 155 *N.J.Super.* 358 (App.Div.1978). *See
General Electric Co. v. Gilbert*, 429 *U.S.* 125, 97 *S.Ct.* 401, 50
*L.Ed.2d* 343 (1976).

■ We turn to the specific situations presented by the two
remaining appellants. Both exceeded the 12–month leave of
absence permitted under the amended statute. Yezo returned
from her leave in June 1976 and therefore will be eligible for a
multi–year contract when she has completed at least five years
of employment between that date and June 1982. Jaeger, who
returned from her leave in April 1978, will be eligible for a
multi–year contract upon completion of five years of employ-
ment between that date and April 1984. In this respect, we find
the statute as amended to have retrospective effect. Hence, any
time accumulated prior to the date of its enactment and not
interrupted by more than one year for leaves of absence may be
considered for eligibility. *See Rothman v. Rothman*, 65 *N.J.* 219,
224–225 (1974); *Howard Savings Inst. v. Kielb*, 38 *N.J.* 186, 193
(1962).

For the reasons stated, the determination of the Board of
Higher Education is affirmed.