214 N.J. Super. 385 (1986)
519 A.2d 898
MASSACHUSETTS MUTUAL LIFE INSURANCE COMPANY, PLAINTIFF-APPELLANT,
v.
ANNA MARIE MANZO A/K/A NINA MANZO AND THE ESTATE OF ALBERT MANZO, JR., ET AL., DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued December 3, 1986.
Decided December 22, 1986.
*386 Before Judges FURMAN, SHEBELL and STERN.
David R. Kott argued the cause for appellant (McCarter & English, attorneys; Eugene M. Haring, Richard M. Eittreim *387 and David R. Kott, of counsel; Eugene M. Haring, Richard M. Eittreim and David R. Kott and Marna L. Brown, on the brief).
Michael F. Chazkel argued the cause for respondents.
The opinion of the court was delivered by SHEBELL, J.A.D.
Appellant, Massachusetts Mutual Insurance Company, appeals a Law Division ruling that the application of decedent, Albert Manzo, Jr., for life insurance is inadmissible as evidence in a declaratory judgment action in which the insurer seeks to rescind a Conditional Receipt and policy of insurance because of alleged material misrepresentations in the health history contained in the application.
Respondents objected to introduction of the application even though it was attached to the policy of insurance, on the assertion that N.J.S.A. 17B:24-3 precludes admission of an application for a life insurance policy unless attached to the policy and delivered to the insured while alive. The trial judge ruled that the application was not admissible in evidence because of the bar of the statute. We granted leave to appeal and reverse.
On June 8, 1983 Albert Manzo, Jr. signed Part 1 of an application for a $500,000 policy of insurance with Massachusetts Mutual. On June 28, 1983 he was examined by a physician at the insurer's request and as part of that examination, which was a condition of the issuance of the policy, the doctor completed Part 2 of the application inserting the medical history as related by Mr. Manzo, as well as the examination results. Manzo signed beneath the following provision:
I agree that: (1) this application consists of Parts 1 and 2 and any amendments and supplements which shall be attached to the policy issued, and (2) no knowledge on the part of any agent, medical examiner or any other person as to any facts pertaining to me shall be considered as having been made to or brought to the knowledge of the Company unless stated in either Part 1 or 2 of this application or any amendments or supplements. [(emphasis ours)].
*388 On July 24, 1983 Manzo gave the agent who had solicited the application $200 in exchange for a "Conditional Receipt." Manzo signed beneath a provision which reads:
I have read this receipt and have received a signed copy of it. I understand that it states when the insurance (or reinstatement) applied for will become effective if all required conditions are met, but that it does not provide any temporary or interim insurance. I agree to the terms, conditions and limits of this receipt.
On August 22, 1983 Manzo's body was found in the trunk of an automobile. It was determined that he had died on or about August 18, 1983 of multiple gunshot wounds. On August 31, 1983 the insurer "issued" the policy of insurance, although it indicated on its face that it was issued on June 13, 1983, with coverage effective as of June 13, 1983. However, the original policy was retained in the insurer's files. The policy was issued at standard rates based upon information contained in the application and that supplied by Manzo's physician. In February 1984 Massachusetts Mutual brought an action to avoid coverage on the grounds of misrepresentations in the policy application and the insured's failure to meet conditions set forth in the Conditional Receipt and the policy. Following the commencement of trial and the barring of the application into evidence, the trial judge recognized that the contents of the application and therefore its admissibility were central to the insurer's case and stayed the proceedings pending appeal.
N.J.S.A. 17B:24-3a provides:
No application for any life or health insurance policy or annuity contract shall be admissible in evidence in any action relative to such policy or contract, unless a copy of the application was attached to or endorsed upon the policy or contract when issued. [(emphasis added)].
The trial judge did not deny admission of the application because of a failure to attach the application to the policy or because the policy was not issued or delivered until after Manzo's death; rather, the application was excluded because the court interpreted the statutory language "when issued" to mean "when delivered to the insured." The court specifically found that the "policy was issued by Massachusetts Mutual" *389 and it is undisputed that the application was attached to the policy during the process of issuing the policy. Although the policy was issued after the death of the applicant, there is no finding that the insurer unduly delayed issuance of the policy or was seeking any advantage in issuing by retaining the policy notwithstanding its knowledge of the death of the decedent.
Respondent urges that the purpose of N.J.S.A. 17B:24-3a is to afford the applicant an opportunity to review the statements set forth in the application and rectify any mistakes forthwith. The insurer urges that the purpose of the provision is only to allay any doubt at trial by making it clear that the application entered into evidence is in fact the application for the policy in dispute. The legislative history of the bill is of no assistance. In the context of N.J.S.A. 17B:25-2.1, which gives to the insured a ten-day period in which to cancel, the Law Division stated in Daly v. Paul Revere Variable Annuity Insurance Co., 199 N.J. Super. 584, 592 (Law Div. 1984), aff'd 206 N.J. Super. 185 (App.Div. 1985), certif. den. 103 N.J. 504 (1986) that
[c]onsidered in this context the purpose of N.J.S.A. 17B:24-3a was to retain all of the insured's statements in front of him and to make sure the insured was aware that the statements in the application became part of the policy.
In any event, we assume the Legislature was aware that in many instances applicants will not survive until the issuance of the policy and that delivery of the policy to the applicant will not be possible. If the Legislature intended that applications not be admissible unless attached to the policy when delivered, we see no reason why it would not have specifically so provided as it has done in other statutes under Title 17B. See N.J.S.A. 17B:25-2.1 and 17B:26-3. It is not the court's function to legislate, but rather to give effect to the Legislature's enactments. Dixon v. Gassert, 26 N.J. 1, 9 (1958). The statutory language "when issued" is clear. We find no basis for interpreting it to mean "when delivered and reviewed."
Respondent further argues that the application should have been attached to the Conditional Receipt as that document constituted an insurance contract and was delivered to the applicant when he made a partial payment for the policy. *390 Again, the Legislature surely was aware of the practice of issuing Conditional Receipts and there is no statutory requirement for attaching the application. It is the statute as written that must govern. Perez v. Pantasote, Inc., 95 N.J. 105, 114 (1984).
We have also considered whether, despite the fact that the statute does not bar the admission of the application, fairness and the interests of justice might be best served by upholding its exclusion. Both parts of the application sought to be introduced into evidence are signed by the "Proposed Insured." His signature on Part 2, which appears to be the basis for contesting coverage, is witnessed by the doctor and is preceded by the statement "to the best of my knowledge and belief all answers and statements are full, complete and true and were correctly recorded before I signed my name below." Thus, the decedent had the opportunity to review the completed application. We do not find, based on the record presented at this time, that the equities which would mitigate against the introduction of the application outweigh its admission to the end that a full review of the allegations of misrepresentation can be accomplished.
We reverse and remand.