Jane D. **MACCRI**, Plaintiff,

v.

**FIRST COLONY LIFE INSURANCE COMPANY**, Defendant.

**FIRST COLONY LIFE INSURANCE COMPANY**, Counter–Plaintiff,

v.

**Jane D. MACCRI, Linda H. Sweet**, as Trustee of Mark Sweet Revocable Trust dated 2/28/94, et al., Counter–Defendants.

No. 96–127–CIV–FTM–17.

United States District Court, M.D. Florida, Fort Myers Division.

Nov. 5, 1996.

Thomas C. Chase, Thomas Chase, P.A., Ft. Myers, FL, for Jane D. Maccri.

Patricia Anne Burton, Fleming, O'Bryan & Fleming, P.A., Ft. Lauderdale, FL, for First Colony Life Ins. Co.

*ORDER DENYING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT AND DENYING DEFENDANT'S CROSS–MOTION FOR SUMMARY JUDGMENT*

KOVACHEVICH, Chief Judge.

This action is before the Court on the following Motion, Cross–Motion and responses:

1. Plaintiff, JANE D. MACCRI's ("Maccri"), Motion for Partial Summary Judgment (Dkt. 9);

2. Defendant, FIRST COLONY LIFE INSURANCE COMPANY's ("First Colony"), response and Cross–Motion for Partial Summary Judgment (Dkt. 15);

3. Plaintiff MACCRI's, response (Dkt. 17).

### UNDISPUTED FACTS

An insurance policy was issued to Dr. Mark J. Sweet by First Colony Insurance Company. On June 30, 1994, Dr. Sweet changed the beneficiary of his Policy to name Jane Maccri a two-fifths beneficiary of the policy proceeds. Linda H. Sweet, the wife of Dr. Mark Sweet, was named a three-fifths beneficiary as trustee of the Mark J. Sweet Revocable Trust. The application for the insurance policy was completed by Dr. Sweet on or about October 2, 1992. Following the death of Dr. Sweet, Plaintiff was denied benefits "because the application by Dr. Sweet contained material misrepresentations and/or omissions of fact." (Dkt. 15). Plaintiff then filed this action to recover benefits under a life insurance policy.

The issue at hand is whether the application for the insurance was attached to the policy at the time of the issuance of the policy. Plaintiff states: "Here, the policy clearly shows an issue date of September 28, 1992. It could not have had the application, dated October 2, 1992, attached at issue." (Dkt. 10, p. 2).

Defendant agrees that the application was completed October 2, 1992, but contends that

the policy was not issued until October 13, 1992, and was back-dated to the September 28, 1992 date, with the application attached.

## STANDARD FOR SUMMARY JUDGMENT

Summary judgment is appropriate if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as matter of law." Fed.R.Civ.P. 56(c). Summary judgment should only be entered when the moving party has sustained its burden of showing the absence of a genuine issue as to any material fact when all the evidence is viewed in the light most favorable to the non-moving party. *Sweat v. Miller Brewing Co.*, 708 F.2d 655 (11th Cir.1983). Issues of fact are " 'genuine' only if a reasonable jury, considering the evidence presented, could find for the non-moving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S.Ct. 2505, 2510–11, 91 L.Ed.2d 202 (1986). The Supreme Court further mandates that "Rule 56(e) . . . requires that the non-moving party go beyond the pleadings and by his or her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for the trial.' " *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

## DISCUSSION

The Court has considered Plaintiff's Motion for Partial Summary Judgment, Defendant's response and Cross–Motion for Partial Summary Judgment, Plaintiff's response to the Cross–Motion, and all supporting documentation.

In the instant case, Plaintiff asserts that the application of Dr. Mark J. Sweet is inadmissible as evidence pursuant to § 627.408 and § 627.452 of the Florida Statutes. The Florida Statutes prohibit admissibility into evidence of any application for insurance, unless a true and accurate copy of the application was attached to the insurance policy at the time it was issued.

Plaintiff moves for summary judgment as to the breach of contract claim, stating that the policy was issued on September 28, 1992, but the application was not taken until October 2, 1992 (Dkt. 10). Plaintiff contends that under statutory law, the application for insurance is inadmissible evidence in court unless the application for insurance was attached to the subject insurance policy on the date the insurance policy was issued.

Plaintiff relies on *Massachusetts Mutual Life Insurance Company v. Manzo*, 214 N.J.Super. 385, 519 A.2d 898 (A.D.1986), in which the court held that the attachment of an application to the policy was a prerequisite to the admissibility of the application, and required attachment at the time of the issuance of the policy. Plaintiff also relies on *Evans v. United Life & Accident Insurance Company*, 871 F.2d 466 (4th Cir.1989), holding that the issue date of the policy was controlling, and because the application was not attached as of the issue date, it was not admissible.

Defendant counters by stating that the application was attached at the time of issuance of the policy, and that the issue date was actually back-dated to September 28, 1992, in order to "save age" and provide the policyholder with a lower premium. Defendant argues that the application was completed on or about October 2, 1992; then, the policy issued on October 13, 1992, and back-dated to the September date. Defendant contends that at the time the insurance policy was issued, the application was attached.

Defendant further argues that *Evans v. United Life & Accident Ins. Co.*, 871 F.2d 466 (4th Cir.1989) supports Defendant's contention. According to *Evans*, when the application for insurance is attached to the policy on the date the policy is issued, the application for insurance is admissible. *Id.* First Colony alleges that the application for insurance was attached to the subject insurance policy at both the time of issuance and delivery (Dkt. 15).

Defendant also contends that the appellate court in *Massachusetts Mutual Life Ins. Co. v. Manzo*, 214 N.J.Super. 385, 519 A.2d 898 (App.Div.1986) supports Defendant's position. In that case, the appellate court re-

versed the trial court and ruled the application was admissible in that case, because the application was attached to the policy at the time it was issued. *Id.*, 519 A.2d at 901. The trial court recognized that insurance companies have a policy of back dating, and refused to hold it against the company.

This Court finds that there is a genuine issue of material fact as to whether the policy application attached to the subject insurance policy on the date of issuance. The purpose of a motion for summary judgment is to determine the presence of disputed material facts, or to enter judgment solely on an issue of law. Although Plaintiff contends that it is not possible that the application for insurance was attached to the policy on the date of issuance, Defendant has provided an explanation which could resolve this apparent impossibility.

Defendant has sought a summary judgment ruling on the issue of the admissibility of the application of insurance. *If* the application was attached to the policy on the date of issuance, then pursuant to Florida law, the application is admissible. However, it is premature for the Court to rule on this issue. The Court generally rules on the admissibility of documents just prior to trial, pursuant to a motion in limine, or during a trial on the merits. Accordingly, it is

**ORDERED** that Plaintiff's Motion for Partial Summary Judgment (Dkt. 9) is **denied.** Defendant's Cross–Motion for Partial Summary Judgment (Dkt. 15) is **denied.**