EPIFONIA GARCIA, JUAN C. RUIZ, MIGDONIA MORALES
AND TOMAS LEON, AS GUARDIAN AD LITEM OF AN-
DRE LEON PAGAN, PLAINTIFFS-APPELLANTS, v. BAL-
BINO MORALES, DEFENDANT-RESPONDENT.

Argued May 10, 1966—Decided June 6, 1966.

*Mr. Edward S. Meredith* argued the cause for plaintiffs-appellants (*Messrs. Meredith & Meredith*, attorneys).

*Mr. Richard Newman,* Deputy Attorney General, argued the cause for defendant-intervenor the State of New Jersey (*Mr. Newman* of counsel and on the brief; *Mr. Arthur J. Sills,* Attorney General of New Jersey, attorney).

The opinion of the court was delivered

PER CURIAM. This proceeding involves an attack on the constitutionality of *N. J. S. A.* 39:6–69(b) (and *N. J. S. A.* 39:6–73 and 84 which are related to and dependent upon *N. J. S. A.* 39:6–69(a) and (b)) of the Unsatisfied Claim and Judgment Fund Law, *N. J. S. A.* 39:6–61 *et seq.* Section 69(a), which is not assailed, provides for payment by the Unsatisfied Claim and Judgment Fund up to a maximum

of $10,000, exclusive of interest and costs, of a judgment recovered by one person injured in any one accident through the negligence of an uninsured automobile driver. Section 69(b) provides:

"The maximum amount or limit, subject to such limit for any 1 person so injured or killed, of $20,000.00, exclusive of interest and costs, on account of injury to, or death of, *more than 1* person, in any 1 accident, * * *." (Emphasis added)

The four plaintiffs, passengers in an uninsured automobile driven by an uninsured driver, were injured in a single accident. They recovered judgments totaling $85,000, only one of them for an amount under $10,000, it being for $8,500. Three of the plaintiffs whose individual judgments exceeded $10,000 demanded $10,000 each from the Fund; the third sought $8,500. The Fund refused such payments, ruling that collectively the four plaintiffs were entitled under *N. J. S. A.* 39:6–69(b) to a total amount of $20,000, that sum to be pro rated among them.

The ruling of the Fund was concurred in by the Superior Court, Law Division, and we certified the ensuing appeal therefrom before it was heard in the Appellate Division.

Plaintiffs contend that section 69(b) is unconstitutional because the limitation imposed thereby denies them equal protection of the law and discriminates against them in violation of the Federal and State Constitutions, and more particularly, the Fourteenth Amendment of the United States Constitution. They urge that since one person injured in one accident can recover $10,000 from the Fund under section 69(a), to limit the recovery of four persons, as section 69(b) purports to do, to a collective amount of $20,000 in one accident is to treat them unequally and to discriminate against them in the sense prohibited by the Constitution.

Plaintiffs accept the constitutionality of section 69(a), and make no challenge as to its validity. In fact the thesis of their case is that when section 69(b) is excised from the statute as unconstitutional, section 69(a) remains as the basis for recov-

ery of $10,000 each, by three of them and for $8,500 by the fourth. In support of such result they contend that section 69(a) should be construed to create a benefit up to $10,000 for each person injured, no matter how many persons are injured, so long as all of them are injured in one accident.

As is the practice when constitutionality of a statute is attacked, we limit our consideration of the challenge to the precise basis on which it is presented. So considered, obviously plaintiffs' position cannot be sustained. It is clear beyond reasonable doubt that the Legislature intended section 69(a) to relate only to the situation where one person is injured in one accident, and to provide a maximum recovery of $10,000 for such person. If we were to strike down section 69(b) alone and then construe section 69(a) as plaintiffs would have us do, not only would we be disregarding the plain language of the statute, but also we would be increasing the monetary liability of the Fund far beyond the limit intended by the Legislature. The judicial branch of the government has no such power.

Under the circumstances, since section 69(a) is not susceptible of the interpretation urged by plaintiffs, they would gain nothing by an invalidation of section 69(b). *Cf. State v. Rush,* 46 *N. J.* 399, 409 (1966). Consequently there is no occasion to deal further with the constitutional argument. Accordingly the order of the Law Division is affirmed.

*For affirmance* — Chief Justice WEINTRAUB and Justices JACOBS, FRANCIS, PROCTOR, HALL and SCHETTINO — 6.