892 A.2d 761 (2006)
383 N.J. Super. 554
Russell WYCHE,[1] Plaintiff-Appellant,
v.
UNSATISFIED CLAIM AND JUDGMENT FUND OF the STATE of New Jersey, Defendant-Respondent, and
GE Auto Insurance Program and GE Property and Casualty Ins., Co., Defendant (Two Cases).
Superior Court of New Jersey, Appellate Division.
Argued February 16, 2006.
Decided March 8, 2006.
*762 John R. Connelly, Jr., Red Bank, argued the cause for appellant (Drazin & Warshaw, attorneys; Mr. Connelly, on the brief).
Michael F. Dolan, New Brunswick, argued the cause for respondent (Hoagland, Longo, Moran, Dunst & Doukas, attorneys; Mr. Dolan, of counsel and on the brief; Ryan K. Brown, on the brief).
Before Judges FALL, GRALL and KING.
The opinion of the court was delivered by
KING, P.J.A.D. (retired and temporarily assigned on recall).
The principle issue in these appeals concerns the interface of the Unsatisfied Claim and Judgment Fund Law (the Fund), N.J.S.A. 39:6-60 to -92, with R. 4:21A governing arbitration of certain civil actions. The personal injury claimant here, Russell Wyche, sought to expand the $15,000 statutory limit of the Fund through the mechanism of court-mandated arbitration under R. 4:21A. Judge Gilroy would not interpret the court rules to increase the Fund's $15,000 statutory limit of liability set by the Legislature. We agree with him and affirm. On the Fund's appeal, asserting that claimant's attempt to recover more than the $15,000 was frivolous, meriting R. 1:4-8 sanctions, we also affirm. The judge correctly refused to impose frivolous litigation sanctions on plaintiff, deeming his novel effort here a reasonable attempt to extend existing law, rather than a baseless attempt to harass the Fund. We thus affirm on both appeals.

I
These are the facts pertinent to the issues on appeal. on January 2, 2001 Wyche was struck and seriously injured by an unknown motor vehicle in Asbury Park. At the time of the accident he was not insured for motor vehicle purposes. He lodged a timely claim with the Fund. N.J.S.A. 39:6-65.
Plaintiff brought suit and on May 21, 2004 the case was submitted to R. 4:21A arbitration. The arbitrator found a gross award of $150,000, allocated 20% of causative fault to the plaintiff, and reached a net award of $120,000, exclusive of the medical bills, $45,611. Neither party filed a rejection of the award and a demand for trial de novo. R. 4:21A-6(b)(1). On June 30 plaintiff filed a motion to confirm the arbitration award, R. 4:21A-6(b)(3). The Fund told the court it did not object to the confirmation of the award but asked that the confirmation order be limited to $15,000, the Fund's statutory obligation.
On July 19 the Fund filed a cross-motion asking that it be directed to pay only $15,000. This cross-motion was mistakenly assigned to another judge, unfamiliar with the matter. Meanwhile, Judge Gilroy had not received any objection to the Fund's letter of July 6 and assumed the proposal was acceptable to the plaintiff. On July 23 Judge Gilroy ordered the Fund to pay $15,000, the liability limit under N.J.S.A. 39:6-69(a). The judge later vacated this order and set a hearing on August 26. The Fund then demanded plaintiff withdraw his motion to confirm the award under peril of R. 1:4-8 sanctions. The judge heard oral argument and confirmed the award of $120,000 and on September 13 ordered payment of $15,000.

II
Plaintiff claims that the Fund's failure to file for a trial de novo to counter *763 plaintiff's request to confirm the arbitration award should result in the right to payment of the full amount allowed by the arbitrator$120,000 net, plus interest and costs, even though such a result would contravene the statutory obligation to pay no more than $15,000. We disagree.
The Fund was established in 1952 to provide personal injury compensation to individuals who are injured or suffer property damage through no fault of their own and are without recourse to conventional motor vehicle insurance benefits. Craig & Pomeroy, New Jersey Auto Insurance Law § 30.1 at 489 (Gann, 2006). However, the Fund was not intended to replace or serve as an insurance policy. Ibid. The intention of the statutes is not to "make every claimant whole but rather reflects an intention to provide some basic measure of relief ... in order to forestall the possible hardship attendant upon a claimant's absorption of the entire economic loss occasioned by the accident." Holmberg v. Aten, 68 N.J.Super. 73, 79, 171 A.2d 667 (App.Div.1961); see Dixon v. Gassert, 26 N.J. 1, 8, 138 A.2d 14 (1958); Corrigan v. Gassert, 27 N.J. 227, 233, 142 A.2d 209 (1958); Bacon v. Miller, 113 N.J.Super. 271, 275, 273 A.2d 602 (App.Div.1971).
According to N.J.S.A. 39:6-69(a), the maximum amount or limit of $15,000, exclusive of interest and costs, applies to the payment of a personal injury judgment. N.J.S.A. 39:6-73 in pertinent part states:
Except with respect to medical expense benefits ... no order shall be made for the payment and the association shall make no payment, out of the fund, of
* * * *
(c) The unsatisfied portion of any judgment which, after deducting $500.00 therefrom if the judgment is for damage to property, exceeds
(1) the maximum or limit of $15,000.00, exclusive of interest and costs, on account of injury to, or death of, one person in any one accident[.]
The statutory language is clear and unambiguous. This $15,000 cap on recovery reflects the limited remedial nature of the Fund.
Plaintiff claims that the rule governing the arbitration process causes tension with the Fund statute and compels an award far in excess of the $15,000 cap. Plaintiff presents no convincing reason as to why the arbitration rules should be construed to increase the Fund's obligation eight times the statutory maximum.
Indeed, we cannot constitutionally extend the rules by interpretation to change substantive law adopted by the Legislature. As Chief Justice Vanderbilt said in Winberry v. Salisbury, 5 N.J. 240, 248, 74 A.2d 406 (1950), "the rule-making power as to practice and procedure must not invade the field of the substantive law as such." See also Garcia v. Morales, 47 N.J. 269, 272, 220 A.2d 198 (1966), stating that "[t]he judicial branch . . . has no such power" to increase the monetary liability of the Fund "far beyond the limit intended by the Legislature."
All claims that seek recovery for uncompensated economic loss arising out of automobile accidents must be submitted to R. 4:21A arbitration, with a few exceptions not here pertinent. N.J.S.A. 39:6A-25. Under R. 4:21A-6(b)(3) and N.J.S.A. 2A:23A-26, courts will confirm the award of an arbitrator unless one of the parties petitions the court within thirty days of filing the arbitration decision for a trial de novo or for a modification of the award.
In the present case, the arbitrator determined that plaintiff was entitled to $150,000 in gross damages and $120,000 in net damages, plus interest and costs. *764 While plaintiff sought to confirm the award, the Fund did not file for a modification of the award or a demand for a trial de novo within the thirty-day period. Instead, defendant sent a letter to the judge, agreeing with the confirmation and requesting that the Fund only be obligated to pay $15,000, the maximum amount required under N.J.S.A. 39:6-73. The judge ultimately entered an order limiting the Fund's liability to $15,000.
Plaintiff claims that the Fund's failure to request a trial de novo should bind it to pay the full amount of the arbitration award. In support, plaintiff relies on Crudup v. Marrero, 57 N.J. 353, 273 A.2d 16 (1971), where the Supreme Court applied the offer of judgment rule, R. 4:58, to the Fund requiring it to pay $750 counsel fees, though such fees were not specified under the statute as recoverable from the Fund.
However, because the offer of judgment rules were applied against the Fund does not necessarily require that the arbitration rules must be applied to increase the statutory maximum payment by the Fund. In Crudup, 57 N.J. at 356, 273 A.2d 16, there was no threat that the total sum recoverable would exceed the then-statutory cap of $10,000; the total verdict was $7,500 and the counsel fees in issue were $750.
There is no suggestion in this record that the net arbitration award was excessive or inappropriate. From all that we can tell, the award was quite fair and reasonable. We find no basis to adopt a strained and novel interpretation of the court rules to increase the Fund's substantive statutory liability.

III
In a separate appeal, the Fund contends that plaintiff's counsel abused the litigation process by continuing to pursue a judgment in excess of the $15,000 statutory cap prescribed by the Fund. We disagree.
According to R. 1:4-8, concerning frivolous litigation:
(a) Effect of Signing, Filing or Advocating a Paper. The signature of an attorney or pro se party constitutes a certificate that the signatory has read the pleading, written motion or other paper. By signing, filing or advocating a pleading, written motion, or other paper, an attorney or pro se party certifies that to the best of his or her knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
(1) the paper is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;
(2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a non-frivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;
(3) the factual allegations have evidentiary support or, as to specifically identified allegations, they are either likely to have evidentiary support or they will be withdrawn or corrected if reasonable opportunity for further investigation or discovery indicates insufficient evidentiary support; and
(4) the denials of factual allegations are warranted on the evidence or, as to specifically identified denials, they are reasonably based on a lack of information or belief or they will be withdrawn or corrected if a reasonable opportunity for further investigation or discovery indicates insufficient evidentiary support.
If the pleading, written motion or other paper is not signed or is signed with *765 intent to defeat the purpose of this rule, it may be stricken and the action may proceed as though the document had not been served. Any adverse party may also seek sanctions in accordance with the provisions of paragraph (b) of this rule.
The Fund claims that plaintiff's counsel persisted with a claim not warranted by existing law or a modification thereof in violation of R. 1:4-8(a)(2). The Fund contends that counsel's abuse occurred when he chose to pursue a recovery larger than $15,000, in violation of N.J.S.A. 39:6-73.
The nature of conduct warranting sanction under R. 1:4-8 has been rather strictly construed. See K.D. v. Bozarth, 313 N.J.Super. 561, 574-75, 713 A.2d 546 (App.Div.), cert. denied, 156 N.J. 425, 719 A.2d 1023 (1998). An award of attorneys fees is not warranted where the plaintiff had a reasonable, good faith belief in the merits of the action. DeBrango v. Summit Bancorp., 328 N.J.Super. 219, 227, 745 A.2d 561 (App.Div.2000). This is a test of objective reasonableness. Iannone v. McHale, 245 N.J.Super. 17, 29, 583 A.2d 770 (App.Div.1990). We agree with Judge Pressler's comment that "honest and creative advocacy should not be discouraged." Id. at 28, 583 A.2d 770. In his ruling denying the Fund's motion for sanctions, the judge sensibly concluded that plaintiff's claim, while tenuous, was not frivolous.
Plaintiff offered a good faith argument that the Fund should be bound by standard arbitration procedures and court rules. Although this argument failed substantively, the analytical comparisons to Crudup, 57 N.J. at 353, 273 A.2d 16, reveal a reasonable, good faith belief in the validity of the argument. Finally, because the interaction of the arbitration rules, R. 4:21A, and the Fund statute is a novel issue, plaintiff's arguments may be aptly viewed as an objectively reasonable attempt at extension of existing law, not as a baseless attempt to harass, delay, or increase the costs of litigation.
Affirmed on both appeals.
NOTES
[1] These cases are consolidated for purposes of opinion.