**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1651-17T3

VIOLET DEAN,

    Plaintiff-Appellant,

v.

HARRAH'S ATLANTIC CITY
OPERATING COMPANY, LLC,
d/b/a HARRAH'S RESORT
ATLANTIC CITY,

    Defendant-Respondent.

_____

Submitted December 4, 2018 – Decided December 13, 2018

Before Judges Sabatino and Mitterhoff.

On appeal from Superior Court of New Jersey, Law Division, Atlantic County, Docket No. L-2646-15.

Chance & McCann, LLC, attorneys for appellant (Kevin P. McCann, of counsel; Matthew Weng, on the brief).

Cooper Levenson, PA, attorneys for respondent (Justin A. Britton and Russell L. Lichtenstein, on the brief).

PER CURIAM

This appeal by plaintiff and her counsel in a personal injury case seeks to reverse the Law Division's October 27, 2017 order imposing sanctions of $5,000 in counsel fees and $150 in costs upon them, jointly and severally, pursuant to Rule 1:4-8 and N.J.S.A. 2A:15-59.1(b)(2). Applying the deferential standard of review that governs such discretionary rulings, we affirm.

Plaintiff, a customer at Harrah's Resort Atlantic City, was injured when she was knocked over by an unidentified minor running through the casino. The incident was captured on a security camera, but no one was able to identify the minor or his parent who was with him at the time. Plaintiff incurred substantial medical expenses from her fall.

Plaintiff sued the casino, arguing that it breached a hypothesized duty to detain the minor who may have caused her fall and the minor's parent so that they could be identified for a potential future lawsuit. The defendant casino sent two "safe harbor" letters to plaintiff's counsel pursuant to Rule 1:4-8(b)(1), placing plaintiff on notice that defendant regarded the lawsuit to be frivolous and demanding it to be withdrawn. Plaintiff nonetheless elected to continue to pursue the case.

A-1651-17T3

After discovery ended, the case was heard by a two-member non-binding arbitration panel in Atlantic County pursuant to <u>Rule</u> 4:21A-1(a)(2). The panel recommended a "no-cause" disposition.

Plaintiff rejected the arbitration result and demanded a trial de novo. Defendant then moved for summary judgment, on the basis that plaintiff lacked a viable cause of action, even viewing the facts in a light most favorable to her. <u>Brill v. Guardian Life Ins. Co. of Am.</u>, 142 N.J. 520, 540 (1995). After considering plaintiff's opposition,[1] the court granted summary judgment and dismissed the complaint with prejudice.

Defendant then moved for sanctions under <u>Rule</u> 1:4-8 and N.J.S.A. 2A:15-59.1(b)(2). Plaintiff opposed that motion, asserting the litigation had been appropriately pursued based on existing law or "a non-frivolous argument for the extension, modification, or reversal of existing law or the establishment of new law." <u>R.</u> 1:4-8(a)(2). The court agreed with defendant's position and awarded the requested sanctions. Plaintiff now appeals that determination.[2]

---

[1] The appendix on appeal does not contain plaintiff's summary judgment opposition papers, and she does not refer to them in her brief on appeal.

[2] Plaintiff does not contest the reasonableness of the calculation of defendant's fees.

On appeal, plaintiff reiterates her position that the lawsuit was based on a good faith belief to extend the law with a novel legal theory. Plaintiff further argues that the no-cause result in the non-binding arbitration, and the dismissal of her complaint on summary judgment, do not necessarily mean that her lawsuit was frivolous.

Our scope of review of the trial court's sanctions ruling is limited. As the briefs of both parties agree, appellate courts generally are to review an award of sanctions under Rule 1:4-8 and N.J.S.A. 2A:15-59.1 by evaluating whether the trial court abused its discretion. See, e.g., McDaniel v. Man Wai Lee, 419 N.J. Super. 482, 498 (App. Div. 2011); see also Masone v. Levine, 382 N.J. Super. 181, 193 (App. Div. 2005). This deferential standard is appropriate, given the high volume of cases litigated in our civil trial court, and the perspective and day-to-day experience our civil judges have in distinguishing colorable claims from untenable ones. Applying this deferential standard of review, we discern no abuse of discretion, nor any error of law, in the trial court's determination.

We accept for purposes of our discussion that plaintiff and her counsel did not act in bad faith in continuing with the lawsuit after receiving the timely "safe harbor" letters from defense counsel. However, even if a claim is not frivolous under N.J.S.A. 2A:15-59.1(b)(1) because it has not been pursued "in bad faith,

solely for the purpose of harassment, delay or malicious injury," the claim alternatively may be deemed frivolous under subsection (b)(2) of the statute if "[t]he nonprevailing party knew, or should have known, that the [claim] was without any reasonable basis in law or equity and could not be supported by a good faith argument for an extension, modification, or reversal of existing law." N.J.S.A. 2A:15-59.1(b)(2). See also Wyche v. Unsatisfied Claim Fund, 383 N.J. Super. 554, 560-61 (App. Div. 2006) (applying analogous concepts expressed in Rule 1:4-8). The trial court appropriately relied on this portion of the statute in its analysis.

The letter plaintiff's counsel sent to defense counsel in response to the safe harbor correspondence maintained that the casino was liable under an asserted duty to "keep the evidence in tact [sic]." However, that letter cited to no supporting legal authority. On appeal, plaintiff's brief likewise cites to no case or specific authority from which a duty could be extended. During oral argument on the sanctions motion, the trial court asked plaintiff's counsel if he could cite to any case from "any jurisdiction" recognizing a legal duty of a property owner to detain a third party customer after an injury, and counsel provided in response no citation but only alluded generally to a premises owner's duty to keep its property "reasonably safe."

Our statutes and court rules do not wish to discourage inventive or creative lawyering. Even so, the circumstances of this particular case, in absence of at least colorable or analogous support for plaintiff's claims cited in case law or statute, reflect the trial court did not abuse its discretion in awarding sanctions.[3]

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

---

[3] That said, we do agree with plaintiff that the no-cause outcome of the nonbinding arbitration and her failure to overcome defendant's summary judgment motion do not themselves justify a finding of frivolity.