**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. <u>R.</u> 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5123-17T2

OFFICER CHRISTOPHER MUNN,

     Plaintiff-Appellant,

v.

CITY OF TRENTON POLICE
DEPARTMENT and CITY OF
TRENTON,

     Defendants-Respondents.

_____

Argued July 23, 2019 – Decided August 1, 2019

Before Judges Ostrer and Geiger.

On appeal from the Superior Court of New Jersey, Law Division, Mercer County, Docket No. L-0223-18.

Sara B. Liebman argued the cause for appellant (Caruso Smith Picini, PC, attorneys; Timothy R. Smith and Joshua Forsman, of counsel; Sara B. Liebman, on the briefs).

John P. Harrington argued the cause for respondents (Trimboli & Prusinowski, LLC, attorneys; Stephen E. Trimboli, of counsel and on the brief; John P. Harrington, on the brief).

PER CURIAM

Plaintiff Christopher Munn appeals from Law Division orders imposing a frivolous litigation sanction under Rule 1:4-8 and denying reconsideration. For the reasons that follow, we reverse and remand for further proceedings.

Plaintiff is a patrolman employed by the City of Trenton Police Department (the TPD). Five disciplinary charges were brought against plaintiff. The preliminary notice of disciplinary action alleged:

> On November 3, 2016 the officer was ordered by his supervisor to sign on with communications dispatchers, so that they can put the officer on duty in the computer system at the beginning of his shift. The officer failed to do so. The officer disobeyed a direct order from his supervisor to meet him at Trenton Police Headquarters.

Plaintiff was charged with insubordination, conduct unbecoming an officer, failure to promptly and fully obey the lawful order of a superior, insubordination or disrespect of a supervisor, and failure to promptly and efficiently perform duties.

Plaintiff claims, prior to the disciplinary hearing, he submitted a written request for it to be open to the public. He further claims members of the press informed the TPD that they intended to attend the hearing. Plaintiff alleges members of the public and press appeared for, but were not permitted to attend, the hearing.

The disciplinary hearing was conducted by the Director of the TPD. It was not open to the public. The Director sustained all five charges. The final notice of

disciplinary action imposed a fifteen-day suspension without pay.  Trenton is a civil service municipality.  Plaintiff filed an appeal from the suspension with the Civil Service Commission (CSC).

Plaintiff also filed a one-count verified complaint seeking a declaratory judgment that the disciplinary hearing was void ab initio and the discipline imposed null and void, and requesting a new, public disciplinary hearing.  Plaintiff relied upon the Attorney General's Guidelines for Internal Affairs Policy & Procedures (rev. Nov. 2017), which states:  "All disciplinary hearings shall be closed to the public unless the defendant officer requests an open hearing."  Id., App. A, Model Internal Affairs Standard Operating Procedure, III. Procedures, F. Hearing, 5.  Plaintiff averred the Attorney General's Guidelines are binding on all law enforcement agencies pursuant to N.J.S.A. 40A:14-181, which states:  "Every law enforcement agency . . . shall adopt and implement guidelines which shall be consistent with the guidelines governing the 'Internal Affairs Policy and Procedures' of the Police Management Manual . . . ."  Plaintiff also contended disciplinary hearings of law enforcement officers should be public hearings pursuant to the Open Public Meetings Act (OPMA), N.J.S.A. 10:4-6 to -21.  Plaintiff sought a new public hearing held in accordance with the Attorney General's Guidelines and OPMA.

3

Defense counsel sent written notice to plaintiff's counsel that the complaint was frivolous and demanding immediate withdrawal of the complaint or defendants would pursue sanctions under Rule 1:4-8. Plaintiff did not voluntarily withdraw either of his two claims.

Defendants moved to dismiss the complaint on grounds of lack of subject matter jurisdiction pursuant to Rule 4:6-2(a) and failure to state a claim upon which relief may be granted pursuant to Rule 4:6-2(e). The trial court granted the motion "due to lack of subject matter jurisdiction." It found that jurisdiction for an appeal from the imposition of discipline at the departmental level was with the CSC, not the Superior Court, which included any claims of improper procedure at the departmental hearing.

Defendants then moved against plaintiff for an award of sanctions under Rule 1:4-8, for "failure to withdraw his frivolous claims." Defendants sought sanctions in the amount of $8694 for the counsel fees they incurred.[1] Notably, defendants did not seek an award of "all reasonable litigation costs and reasonable attorney fees" under N.J.S.A. 2A:15-59.1(a)(1).

---

[1] The trial court appears to have considered only a portion of the counsel fees incurred by defendants. As indicated in counsel's certification, defendants were billed $7521.50 for services through March 23, 2018, and an additional $1172.50 for services thereafter. The trial court seemingly did not consider the counsel fees incurred for services rendered after March 23, 2018.

A-5123-17T2

Defendants represented that plaintiff did not assert a right to a public hearing and did not object to the non-public disciplinary hearing when it took place. Defendants further represented that "[n]o member of the press was present at or removed from the hearing." Defendants claimed plaintiff first objected to the non-public disciplinary hearing in a December 15, 2017 letter from counsel, which claimed the hearing was conducted in violation of OPMA and "Attorney General Guidelines." Defendants contended the letter was received by their counsel on December 20, 2017, six days after the hearing took place.

Defendants further represented that in response to plaintiff's claims, defense counsel immediately put plaintiff's counsel on written notice of defendants' position that OPMA did not apply to a departmental disciplinary hearing conducted by a single hearing officer and that the Attorney General Guidelines do not require a public hearing on disciplinary charges. The letter also put plaintiff on notice that if plaintiff commenced litigation based on the facially frivolous claim that the disciplinary hearing violated OPMA, the City of Trenton would consider such litigation frivolous and seek all available remedies.

Plaintiff opposed the motion. The trial court found no evidence the complaint "was used for the purpose of harassment, delay, or malicious injury." The court noted defendants did not contend the complaint was filed in bad faith or to harass.

5

The court found plaintiff's OPMA claim "was patently frivolous" because the one-person departmental hearing was not an open public meeting under the OPMA. The court noted "the [c]omplaint was framed to focus on the [OPMA]."[2] The court reached a different conclusion as to plaintiff's claim that the TPD improperly conducted the hearing in private despite his request for a public hearing. The court found the claim was not frivolous or lacking a basis, and was filed in good faith. The court determined a "reasonable fee" should be awarded "since only part of the [c]omplaint was frivolous."

Although defendants did not apply for relief under N.J.S.A. 2A:15-59.1(a)(1), the trial court found it applied. The trial court found the hourly rates of $175 and $135 charged by defense counsel were reasonable, and the time expended by counsel was warranted based on the quality of the work and the extensive research performed. The court found no double billing. The court concluded the lodestar was $7521.50. The trial court granted the motion in part, imposing a "50 percent" frivolous litigation sanction of $3760.75, payable by plaintiff's counsel to defendants within thirty days.

---

[2] We note, however, that the complaint alleged a violation of the Attorney General's Guidelines, which are binding on law enforcement agencies pursuant to N.J.S.A. 40A:14-81, and sought to compel defendants to abide by the requirements of the Attorney Generals Guidelines and OPMA.

A-5123-17T2

Plaintiff moved for reconsideration. The trial court reiterated that plaintiff's OPMA violation claim was frivolous, but his other claim was not. The trial court rejected plaintiff's argument that a frivolous litigation sanction should not be imposed unless the entire pleading is deemed frivolous. The court denied reconsideration but granted plaintiff's application to stay the sanction pending appeal. This appeal followed.

Plaintiff argues the trial court erred in imposing frivolous litigation sanctions and denying reconsideration because only one of the two claims asserted in the complaint was found to be frivolous and neither claim was made in bad faith.

We review a judge's decision on a motion for frivolous lawsuit sanctions under an abuse of discretion standard. United Hearts, LLC v. Zahabian, 407 N.J. Super. 379, 390 (App. Div. 2009) (citing Masone v. Levine, 382 N.J. Super. 181, 193 (App. Div. 2005)). We will reverse a decision when "the discretionary act was not premised upon consideration of all relevant factors, was based upon consideration of irrelevant or inappropriate factors, or amounts to a clear error of judgment." Masone, 382 N.J. Super. at 193 (citing Flagg v. Essex Cty. Prosecutor, 171 N.J. 561, 571 (2002)).

Rule 1:4-8 authorizes sanctions against an attorney who asserts "frivolous claims on behalf of his or her client." In re Estate of Ehrlich, 427 N.J. Super. 64, 77

7

(App. Div. 2012) (citing United Hearts, 407 N.J. Super. at 389). A claim "is deemed frivolous when 'no rational argument can be advanced in its support, or it is not supported by any credible evidence, or it is completely untenable.'" Ibid. (quoting First Atl. Fed. Credit Union v. Perez, 391 N.J. Super. 419, 432 (App. Div. 2007)). Sanctions may also be imposed if the claim was filed "for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation," Rule 1:4-8(a)(1), or is not "warranted by existing law or by a non-frivolous argument for the extension, modification, or reversal of existing law or the establishment of new law," Rule 1:4-8(a)(2).

Rule 1:4-8 is strictly construed to ensure that persons are not dissuaded from accessing the courts. Perez, 391 N.J. Super. at 432-33. Thus, sanctions may be imposed only when the court is convinced the plaintiff lacked an objectively reasonable, good faith belief in the merits of the action. Wyche v. Unsatisfied Claim & Judgment Fund of N.J., 383 N.J. Super. 554, 561 (App. Div. 2006). Nor will a sanction be awarded where the plaintiff legitimately sought to extend the law to a previously undecided issue because "honest and creative advocacy should not be discouraged." Ibid. (quoting Iannone v. McHale, 245 N.J. Super. 17, 28 (App. Div. 1990)).

Unlike an award of reasonable attorney's fees and costs to a prevailing plaintiff pursuant to a fee-shifting statute, or to a party defending against frivolous litigation under N.J.S.A. 2A:15-59.1(a)(1), a sanction under Rule 1:4-8(d) "shall be limited to a sum sufficient to deter repetition of such conduct." Consequently, the sanction may be in the form of a penalty payable to the court or "payment to the movant of some or all of the reasonable attorneys' fees and other expenses incurred as a direct result of the violation, or both." R. 1:4-8(d). The rule requires the court to "describe the conduct determined to be a violation of this rule and explain the basis for the sanction imposed." Ibid.

The trial court did not undertake an analysis of the "sum sufficient to deter repetition of" filing a frivolous claim. Ibid. Nor did the court undertake a meaningful analysis of which services pertained to defending the frivolous OPMA claim. Merely dividing the amount sought in half because one of two claims was frivolous does not constitute a determination of "the reasonable attorney's fees and other expenses incurred as a direct result of the violation." Ibid. (emphasis added); see Giarusso v. Giarusso, 455 N.J. Super. 42, 53 (App. Div. 2018) (vacating a fee award because "the judge reduced the fees sought by one-half without providing any further findings or explanation"). "Meaningful appellate review is inhibited unless the judge sets forth the reasons for his or her opinion." Giarusso, 455 N.J. Super. at

9

53 (quoting Strahan v. Strahan, 402 N.J. Super. 298, 310 (App. Div. 2008)). For these reasons alone, a remand is necessary.

More fundamentally, the trial court ordered plaintiff's counsel, not plaintiff, to pay the sanction. Plaintiff's counsel is not liable for fees under N.J.S.A. 2A:15-59.1(a)(1). McKeown-Brand v. Trump Castle Hotel & Casino, 132 N.J. 546, 557-58 (1993); Lake Lenore Estates, Assocs. v. Parsippany-Troy Twp., 312 N.J. Super. 409, 426 (App. Div. 1998). Therefore, unlike a party who files a frivolous claim, counsel cannot be held liable under the statute for "all reasonable litigation costs and reasonable attorney fees" incurred by defendants. N.J.S.A. 2A:15-59.1(a)(1).

In addition, "a pleading will not be considered frivolous for purposes of imposing sanctions under Rule 1:4-8 unless the pleading as a whole is frivolous." United Hearts, 407 N.J. Super. at 394. "Thus, when some allegations are later proved unfounded, a complaint is not rendered frivolous if it also contains non-frivolous claims." Estate of Ehrlich, 427 N.J. Super. at 77 (citing United Hearts, 407 N.J. Super. at 390). Nevertheless, "continued prosecution of a claim may, based on facts becoming known to the party after the filing of the initial pleading, be sanctionable as baseless or frivolous even if the initial assertion of the claim was not." Iannone, 245 N.J. Super. at 31 (applying N.J.S.A. 2A:15-59.1). The trial court found plaintiff's OPMA claim was frivolous and dismissed the remaining claim for lack of

A-5123-17T2

subject matter jurisdiction. Plaintiff argues his claim of entitlement to a public hearing was legitimate, even if filed in the wrong forum. We are also mindful that plaintiff's claims were set forth in a single count. The trial court did not make findings or state conclusions regarding whether the complaint as a whole was frivolous.

For these reasons, the award of counsel fees under <u>Rule</u> 1:4-8 is vacated and the matter is remanded. On remand, the trial court shall determine whether the complaint as a whole was frivolous, and if so, determine the appropriate sanction to deter repetition. In doing so, the trial court shall make findings and state the basis for the sanction imposed in accordance with <u>Rules</u> 1:7-4 and 1:4-8(d).

Reversed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-5123-17T2